# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH A. HEWITT,**

        **Petitioner,**

   **-v-**                         **Case No. 05-C-1079**

**JUDY SMITH,**

        **Respondent.**

## DECISION AND ORDER

Keith A. Hewitt ("Hewitt") is currently incarcerated at Oshkosh Correctional Institution for committing substantial battery and for habitual criminality, in violation of Wisconsin Statutes §§ 939.62 and 940.19(2). Hewitt filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He originally raised three grounds in support of his petition, but this Court dismissed two of those three grounds when the Court conducted an initial review of his petition. The remaining ground is Hewitt's claim of ineffective assistance of counsel.

Hewitt argues that he was denied effective assistance of counsel because his trial attorney allowed the State to cross-examine him about his prior convictions. Even assuming his trial attorney acted unreasonably, Hewitt fails to show how he was

prejudiced by his attorney's omission. To sustain a claim for ineffective assistance of counsel, the petitioner must prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The evidence against Hewitt was so overwhelming, that even if the Court assumed his attorney acted unreasonably, Hewitt cannot show that such an error prejudiced him.

The record indicates that his girlfriend, who was the alleged victim of Hewitt's battery, suffered a fractured jaw, and that she told three different medical professionals that it was caused by Hewitt punching her. In addition, Hewitt's girlfriend told Sheriff Deputy Annette Pulinsky that Hewitt punched her in the jaw during a fight. While it is true that later Hewitt's girlfriend denied getting punched by Hewitt, claiming instead that she tripped and fell on a log, a medical expert testified that her injuries were consistent with being punched, not with falling on a log. The expert testimony, combined with the testimony of several witnesses who claimed that Hewitt's girlfriend initially said that Hewitt punched her, was overwhelming evidence supporting his conviction. Hewitt has not shown that, but for his attorney's alleged error of allowing Hewitt's prior convictions into evidence, the result of his trial would have been different. Accordingly, Hewitt's petition for a writ of habeas corpus must be denied.

2

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**

Hewitt's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED.**

The clerk is directed to close the case and enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2006.

          **SO ORDERED,**

          s/ Rudolph T. Randa

          **HON. RUDOLPH T. RANDA**
          Chief Judge

3

Case 2:05-cv-01079-RTR   Filed 06/07/06   Page 3 of 3   Document 10